# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-50295
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PABLO MARTINEZ-LARA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-1244-1

———————————————————————

Before DENNIS, HO, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Pablo Martinez-Lara appeals his conviction for illegal reentry into the United States. He argues for the first time on appeal that the enhanced sentencing range in 8 U.S.C. § 1326(b) is unconstitutional. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50295

filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by *Almendarez-Torres*. Alternatively, the Government requests an extension of time to file its brief.

As he concedes, Martinez-Lara's sole appellate argument is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.